968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Gregory Dale HOLIFIELD, Defendant-Appellant.
 No. 91-5354.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 7, 1992
Decided: July 20, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-88-58)
 Richard M. Miller, Fayetteville, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, Thomas W. Dworschak, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 VACATED AND REMANDED.
 Before WILKINSON, Circuit Judge, CHAPMAN, Senior Circuit Judge, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In May 1989, appellant Gregory Dale Holifield was convicted for violation of 21 U.S.C. §§ 841 and 846 and was sentenced to imprisonment for eight months, followed by supervised release for four years pursuant to U.S.S.G. § 5D1.2(b)(1). After his release from federal custody, appellant violated the terms of his supervised release by failing to abstain from the use of illegal controlled substances and by failing to participate in a substance abuse program. At a hearing following the probation officer's motion for revocation of his supervised release, appellant admitted several of these violations. The district court then revoked his supervised release and ordered appellant incarcerated for an additional term of six months. The court also ordered that, following his release, appellant serve a second term of supervised release for a period of eighteen months.
 
 
 2
 Appellant challenges the reimposition of supervised release. This court has recently held that 18 U.S.C. § 3583(e), as written when appellant was initially sentenced, does not authorize a district court, following revocation of a previously imposed term of supervised release, to impose another term of supervised release. United States v. Cooper, No. 91-5455, 1992 WL 81899 (4th Cir. Apr. 24, 1992). The judgment of the district court therefore is vacated, and the case is remanded for resentencing in conformity with United States v. Cooper.
 
 VACATED AND REMANDED